IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:  :  CHAPTER 11
KEITH M. SCRIVEN  :
　　　　　　　Debtor  :  BK. No. 13-18271 AMC
　　　　　　　　　　　　　:

**STIPULATION MODIFING PLAN TREATMENT OF SECURED CLAIM OF WELLS FARGO BANK #12-1**

　　　　It is hereby stipulated by and between Phelan Hallinan Diamond & Jones, LLP, counsel for the Movant, **WELLS FARGO BANK, N.A.**, and RONALD G. MCNEIL, Esquire, counsel for the Debtor, as follows:

　　　　1.　　That Relief from the Automatic Stay as provided by Section 362 of the Bankruptcy Code shall be lifted on approval of this stipulation to allow the parties to enter into this agreement modifying the plan treatment of Class #15, secured Claim #12-1, for the property located at **341A SHELL WALK, FIRE ISLAND PINES, NY 11782**, mortgage account ending with **"6709"**.

　　　　3.　　The parties agree that the claim treatement/loan shall be modified upon signing of this stipulation by the parties as follows:

Claim Treatment
Secured claim: 417,737.60
Interest Rate: 4.25%
Term: 360 months
P&I payment: 2,055.02
Estimated Escrow Payment: 889.25 (762.21 T&I + 127.03 cushion required by normal servicing)
PITI: 2,944.27
The account is escrowed and will remain escrowed as defined by the pre-bankruptcy contractual terms. Any post-modification escrow disbursements will be recoverable as part of the regular escrow payment per normal servicing practices. The escrow payment is subject to change perr normal servicing.

　　　　4.　　Beginning November 1, 2016, Debtor shall commence payment of the regular monthly mortgage payment in the amount of $2,944.27 All subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage and Note. All payments made pursuant to this Stipulation shall be payable to **WELLS FARGO BANK, N.A. ONE HOME CAMPUS, MAC X2302-04C, DES MOINES, IA 50328.**

　　　　5.　　The sale, refinance or transfer of said property will require the loan to be paid in full unless specific court approval is obtained.

　　　　6.　　Debtor's tendering of a check to **WELLS FARGO BANK, N.A.**, which is subsequently returned due to insufficient funds in the account upon which the check is drawn, shall not constitute payment as the term is used in this Stipulation. The parties stipulate that Movant shall be permitted to communicate with the Debtor and Debtor's Counsel to the extent necessary to comply with applicable non-bankruptcy law.

　　　　8.　　The parties agree that a facsimile signature shall be considered an original signature.

Date:　　October 19, 2016

_____
Jay B. Jones, Esq.
Jerome Blank, Esq.
Andrew L. Spivack, Esq.
James P. Shay, Esq.
Michael Dingerdissen, Esq.
Attorneys for Movant

_____
RONALD G. MCNEIL, ESQUIRE
Attorney for Debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

IN RE:
KEITH M. SCRIVEN
        Debtor

: CHAPTER 11
:
: BK. No. 13-18271 AMC

## ORDER

AND NOW, this  2nd  day of  November, 2016, it is hereby

ORDERED that corresponding Stipulation Modifying the Plan Treatment of the property is hereby approved, shall be, and is hereby made an Order *of this Court.*

_____
ASHELY M. CHAN,
**Bankruptcy Judge**

WILLIAM C. MILLER, ESQUIRE (TRUSTEE)
1234 Market Street, Suite 1813
PHILADELPHIA, PA 19107

KEITH M. SCRIVEN
1007 NORTH 6TH STREET
PHILADELPHIA, PA 19123-1406

RONALD G. MCNEIL, ESQUIRE
MCNEIL LEGAL SERVICES, 1333 RACE STREET
PHILADELPHIA, PA 19107-1585

UNITED STATES TRUSTEE
833 CHESTNUT STREET, SUITE 500
PHILADELPHIA, PA 19107