IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: Keith M. Scriven | CHAPTER 11 |
| | CASE NO. 13-18271-AMC |

Ocwen Loan Servicing, LLC servicer for U.S. Bank National Association, as Trustee for American Home Mortgage Investment Trust 2005-4C

       Movant
vs.
Keith M. Scriven
       Debtor(s)
 and
Kevin P Callahan, Esquire
       Trustee

## STIPULATION IN SETTLEMENT OF
## MOTION FOR RELIEF FROM AUTOMATIC STAY

Ocwen Loan Servicing, LLC servicer for U.S. Bank National Association, as Trustee for American Home Mortgage Investment Trust 2005-4C ("Mortgagee") and Keith M. Scriven ("Debtor(s)"), through their respective counsel, hereby stipulate as follows:

1. The automatic stay as provided by 11 U.S.C. §362 shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. Mortgagee is the holder of a mortgage which is a lien on Debtor's real property known as and located at: 937 Route 619, Newton, NJ 07860.

3. The parties certify that the total post-petition delinquency as of October 14, 2016, is $233,983.95, consisting of post-petition payments from 11/1/13 - 5/1/14 at $5,670.82 each, 6/1/14 - 9/1/14 at $6,131.45 each, 10/1/14 - 9/1/15 at $6,116.86 each, 10/1/15 at $6,147.25, 11/1/15 - 10/1/16 at $7,814.35 each, attorney fees in the amount of $850.00, filing fees in the amount of $176.00, less a suspense balance of $4,585.36.

4. As of the date of the execution of this Agreement, Debtor currently has a loan modification application pending with Mortgagee.

5. Debtor and Mortgagee hereby agree that if either (1) a loan modification is not offered as a result of the current loan modification application pending with Mortgagee or (2) Debtor does not accept the terms of any loan modification offered as a result of the current loan modification application pending with Mortgagee, Mortgagee may send Debtor(s) and counsel a written notice of default of this Stipulation. The notice of default shall set forth right of Debtor to cure the above referenced entire post-petition delinquency in paragraph 3 within ten (10) days. If

the entire default is not cured within ten (10) days of the notice, counsel for Mortgagee may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the mortgaged property.

6. Should Debtor's regular monthly payment amount change, Debtor shall be notified of such change by the mortgagee, and the monthly payment amount due under the terms of this stipulation shall change accordingly.

7. In addition, it is further agreed by Debtor that it shall constitute an additional default under this stipulation should Debtor fail to comply with all covenants set forth in the Note and Mortgage Agreements, including but not limited to payment of all non-escrowed real estate taxes when they become due and maintenance of homeowner's insurance on the property. Should Movant advance any amounts on Debtors' behalf for delinquent real estate taxes and/or homeowner's insurance or be required to obtain forced-placed hazard insurance, Movant shall send Debtor and Debtor's counsel a written notice of default of this Stipulation as set forth in paragraph 5 herein.

8. In the event the instant bankruptcy case is converted to a case under any other Chapter of the Bankruptcy Code, the Debtor(s) shall cure the pre-petition and post-petition mortgage arrears within ten (10) days from the date of such conversion. Should the Debtor fail to cure said arrears within the ten day period, such failure shall be deemed a default under the terms of this Stipulation and Movant may send Debtor(s) and counsel a written notice of default. If the default is not cured within ten (10) days from the date of the notice, counsel for Mortgagee may file a Certification of Default with the Court and the Court shall enter an Order granting relief from the automatic stay as to the mortgaged property.

9. The parties agree that a facsimile signature shall have the same force and effect as an original signature.

_____
Nicole LaBletta, Esquire
UDREN LAW OFFICES, P.C.
Attorneys for Mortgagee

_____
Ronald G McNeil, Esquire
Attorney for Debtor(s)

APPROVED BY THE COURT THIS _____ DAY OF _____, 20_____.

BY THE COURT:

_____
U.S. BANKRUPTCY JUDGE